SIDNEY J. COHEN, ESQ., State Bar No. 39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA 94610
Telephone: (510) 893-6682
Facsimile: (510) 893-9450

Attorney for Plaintiff
RICHARD SKAFF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SKAFF<br><br>    Plaintiff,<br><br>v.<br><br>SHELTER POINT EQUITIES, LTD; ROBATA GRILL AND SUSHI LIMITED PARTNERSHIP; and DOES 1-25, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C 08-01384 EMC<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES; DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (§§ 54, 54.1, 55 CIVIL CODE; §19955 ff HEALTH & SAFETY CODE); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990, 42 USC §§12181. et. seq.**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff Richard Skaff complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION
(§§19955 Et. Seq., Health & Safety Code,
and §54.1, Et. Seq. Civil Code)**

1.  Plaintiff Richard Skaff is a "person with a disability" or "physically handicapped person."[1] Mr. Skaff requires the use of a wheelchair for locomotion

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1,

Complaint for Damages and Injunctive Relief       -1-

and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY**: This case involves 1) the denial of disabled accessible parking, "paths of travel," boat dock, signage and related facilities to Mr. Skaff and other disabled persons in Richardson Bay in the common areas of the public accommodation at 591 Redwood Highway Mill Valley California 94941 and 2) the denial of a disabled accessibly entry, ramp handrails, seating, restrooms, and related facilities at and in the Robata Grill And Sushi (the "Restaurant') in the complex . Mr. Skaff was denied equal protection of the law and was denied Civil Rights under both California law and federal law.  Mr. Skaff was denied his rights to full and equal in the common areas and the Restaurant because they were not, and are not, properly accessible to disabled persons such as Mr. Skaff who use wheelchairs.  Mr. Skaff seeks injunctive relief to require Defendants  to make the common areas and the Restaurant and related facilities accessible to disabled persons and to ensure that any disabled person who attempts to them will be provided full and equal access in compliance with all federal and state disabled access laws and regulations. Mr. Skaff also seeks recovery of damages for his personal and physical injuries and discriminatory experiences  and seeks recovery of reasonable attorneys' fees, litigation expenses and costs, according to statute.

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California

---

54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

Complaint for Damages and Injunctive Relief         -2-

Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4.  **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Mr. Skaff's causes of action arose in this district.

5.  **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in said intradistrict and Mr. Skaff's causes of action arose in said intradistrict.

6.  Defendants and DOES 1-5, Inclusive, are the owners, operators, lessors, lessees, franchisors and/or franchisees of the subject property and facilities which are the subject of this action. This property and facilities is a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and the California Disabled Person's Act. On information and belief, this property, and facilities have, since July 1, 1970, either been constructed and/or undergone "alterations, structural repairs, or additions" subjecting them to disabled access requirements per §19959 Health & Safety Code.

7.  The true names and capacities of Defendants DOES 6 through 10, Inclusive, are unknown to Mr. Skaff who therefore sues said Defendants by such fictitious names; Mr. Skaff is informed and believes that each of the Defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and the cause of injury and damages proximately to Mr. Skaff. Mr. Skaff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8.  Defendants and DOES 1-10, Inclusive, are and/or were the owners, operators, lessors, lessees, franchisors and/or franchisees of the subject property and facilities during all times relevant to this Complaint. Mr. Skaff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein

within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Mr. Skaff and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facilities are in compliance with the provisions of the Health & Safety Code §19955 et. seq. Mr. Skaff is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code. The acts and omissions of Defendants complained of herein were committed in the City of Mill Valley, County of Marin, State of California.

10. §19955 Health & Safety Code was enacted "To ensure that public accommodations or facilities such as those which are the subject of this lawsuit constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations include the property, premises, and facilities which are the subject of this lawsuit. §19955 Health & Safety Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of new construction and/or each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever there is such new construction or whenever each such "alteration, structural repair or addition" is carried out. On information and belief, the original construction of the property and facilities which are the subject of this lawsuit and/or alterations, structural repairs, or additions which additionally triggered access requirements also may have occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect.

11. In the late summer/early fall of 2006 Mr. Skaff and family members

arrived at the property which is the subject of this action early in the afternoon in Mr. Skaff's Van for the purpose of kayaking in Richardson Bay from the dock on the property. Upon arrival in the parking area at the dock, there were no accessible parking places that complied with federal and state disabled access laws and regulations. As a result, Mr. Skaff had to park his van in a regular, non accessible parking place. Upon exiting his Van, Mr. Skaff encountered a curb ramp to the dock area which had a steep slope in excess of that permitted under federal and state disabled access laws and regulations and a concrete walkway to the observation deck which exceeds the 5% slope requirement of federal and state disabled access laws and regulations. Most significantly, when he arrived at the dock Mr. Skaff encountered a dock to which he could not gain access and which prevented him from kayaking at all. In this regard, the boat dock gangway was too narrow to permit Mr. Skaff to get to the dock . In addition, the slope of the gangway ramp significantly exceeds 8.33%, has no wheel guides, has handrails that cannot be gripped, and has a 4" plus or minus vertical edge at the floating deck level.

12.  Because Mr. Skaff could not gain access to the kayaks, he could not participate in the kayaking. Rather, he was forced to wait while his son and daughter in law kayaked. During part of his wait, Mr. Skaff decided to visit the nearby Ferrari dealership to have a look. In this regard, he encountered several path of travel problems on the route to and from the dealership, including a walkway with cross slopes significantly in excess of the requirements of federal and state disabled access laws and regulations. During this time, Mr. Skaff suffered physical injury to his rotator cuff.

13.  Although Mr. Skaff communicated with Defendant Shelter Point Equities, LTD over an extended period of time, especially with respect to the boat dock issue, he did not receive a satisfactory response. The property and premises is in substantially the same condition as it was in the fall of 2006.

14. In the fall of 2007 Mr. Skaff and his wife arrived in his Van at the property which is the subject of this action to have dinner at the Robata Grill And Sushi Restaurant. Upon entering the parking lot, Mr. Skaff proceeded to the two designated "accessible" spaces nearest to the Restaurant entrance, which spaces have a v ditch in violation of federal and state disabled access regulations and which caused Mr. Skaff difficulty in the parking lot. In proceeding to the Restaurant, Mr. Skaff encountered a walkway which narrows to approximately 30 inches at a column in violation of federal and state disabled access laws and regulations and which caused Mr. Skaff difficulty. Upon reaching the entry to the Restaurant, Mr. Skaff encountered a narrow frame doorway that did not comply with federal and state access regulations and a heavy door well in excess of the 5 pound or less pressure requirement. In attempting to maneuver through the narrow doorway and open the heavy door, Mr. Skaff suffered physical injury to his rotator cuff. Once inside the Restaurant, Mr. Skaff and his wife were seated on the upper level of the Restaurant, the path of travel to which is up a ramp with a handrail on one side only rather than on both sides as required by federal and state disabled access laws and regulations. In proceeding up the ramp with the handrail on one side only, Mr. Skaff again injured his rotator cuff. Once on the upper level, Mr. Skaff was seated at a pedestal table which did not have the required knee clearance and which required him to sit astride the table rather than with his knees under the table. From his observation, it did not appear that any of the tables in the Restaurant complied with federal or state disabled access laws and regulations. While at the Restaurant, Mr. Skaff had to use the men's room. In this regard, he encountered an entry door to the men's room which had only approximately 4 inches of clearance on the pull side of the door, in violation of federal and state disabled access laws and regulations, which caused him difficulty and which again resulted in physical injury to his rotator cuff. Mr. Skaff also encountered a pedestal sink in the men's room which did

not have the knee clearance required by federal and state disabled access laws and regulations which caused him difficulty and a light switch that was too high and caused him difficulty in reaching, again injuring his rotator cuff.

15. Defendants should be required to bring the property and premises into compliance with all applicable federal and state disabled access laws and regulations. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of the California Civil Code's Disabled Person's Act, thus independently justifying an award of damages and injunctive relief pursuant to California law.

16. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein as if separately repled), also constitutes a violation of California Civil Code's Disabled Person's Act, thus independently justifying an award of damages and injunctive relief pursuant to California law.

17. **INJUNCTIVE RELIEF:** Mr. Skaff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and have the effect of wrongfully excluding Mr. Skaff and other members of the public who are physically disabled wheelchair users from full and equal access to the property, premises, and facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Mr. Skaff in that these actions continue to treat Mr. Skaff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities and requires the use of a wheelchair for movement in public places; Mr. Skaff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of the subject property, premises, and facilities.

1  Until Defendants make them accessible to and useable by Mr. Skaff, he is deterred
2  from returning to the property, premises, and facilities. The acts of Defendant has
3  proximately caused and will continue to cause irreparable injury to Mr. Skaff if not
4  enjoined by this court.

5      18.    **DAMAGES:** As a result of the denial of equal access to the property,
6  premises, and facilities, and due to the acts and omissions of Defendants in owning,
7  operating, leasing, franchising, constructing, altering, and maintaining the subject
8  property, premises, and facilities, Mr. Skaff suffered a violation of his Civil Rights,
9  including but not limited to rights under §§ 54 and 54.1 Civil Code, and suffered
10 physical injury, discomfort and pain, mental and emotional distress, embarrassment
11 and humiliation, all to his damages as hereinafter stated. Defendants' actions and
12 omissions to act constitute discrimination against Mr. Skaff on the sole basis that he
13 is physically disabled and unable, because of the architectural barriers created
14 and/or maintained by the Defendants in violation of the subject laws, to use the
15 property, premises, and facilities on a full and equal basis as other persons. Mr.
16 Skaff also seeks trebling of all actual damages, general and special, as provided by
17 said Civil Code.

18     19.    **FEES AND COSTS:** As a result of Defendants' acts, omissions, and
19 conduct, Mr. Skaff has been required to incur attorneys' fees, litigation expenses,
20 and costs as provided by statute, in order to enforce Mr. Skaff's rights and to enforce
21 provisions of the law protecting access for disabled persons and prohibiting
22 discrimination against disabled persons. Mr. Skaff therefore seeks recovery of all
23 reasonable attorney's fees and costs, pursuant to the provisions of said Civil Code.
24 Additionally, Mr. Skaff's lawsuit is intended not only to obtain compensation for
25 damages to Mr. Skaff, but also to force the Defendants to make the property,
26 premises, and facilities accessible to all disabled members of the public, justifying
27 "public interest" attorneys' fees, litigation expenses and costs pursuant to the
28

provisions of §1021.5 Code of Civil Procedure.

20. Wherefore Mr. Skaff asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant such access to Mr. Skaff and to require Defendants either to comply forthwith with the applicable statutory requirements relating to access for disabled persons or to close the property, premises, and facilities as a public accommodation. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code's Disabled Person's Act, and other law. Mr. Skaff further requests that the court award damages pursuant to California Civil Code's Disabled Person's Act and other law and statutory costs and attorney fees pursuant to §19953 Health & Safety Code, Civil Code §54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Mr. Skaff prays for relief as hereinafter stated:

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §12101FF**

21. Mr. Skaff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 20 of this Complaint, and incorporates them herein as if separately repled.

22. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and

unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ."

23. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

24. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff).

25. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

26. Among the specific prohibitions against discrimination were included: <u>§302(b)(2)(A)(ii)</u>: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

<u>§302(b)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure that no

individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."  The acts and omissions of Defendants set forth herein were in violation of Mr. Skaff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

27. The removal of each of the barriers complained of by Mr. Skaff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act.  As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law.  On information and belief, access in certain particulars were also required by either new construction and /or alterations and additions to the premises occurring after January 26, 1993, pursuant to section 303 of the ADA (42 USC 12183).

28. On information and belief, as of the date of Mr. Skaff's visit, and as of the date of the filing of this Complaint, the property, premises, and facilities denied full and equal access to Mr. Skaff and to other disabled wheelchair users in other respects, which violated Mr. Skaff's rights to full and equal access and which discriminate against Mr. Skaff on the basis of his disability, thus wrongfully denying to Mr. Skaff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42

USC §12182. Said premises continue on a day to day basis to deny Mr. Skaff and other disabled persons such full and equal access.

29. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Mr. Skaff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Mr. Skaff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. On information and belief, Defendants have continued to violate the law and deny the rights of Mr. Skaff and of other disabled persons to access this public accommodation since on or before Mr. Skaff's visit. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

30. Mr. Skaff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Mr. Skaff is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the facilities.

Wherefore Mr. Skaff prays for relief as hereinafter stated:

**PRAYER**

1. Issue a preliminary and permanent injunction directing Defendants as owners, operators, lessors and /or lessees of the subject property, premises, and facilities to modify them so that they provide adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent

injunction directing Defendants either to provide facilities usable by Mr. Skaff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, or to close them as a public accommodation;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3. Award to Mr. Skaff all appropriate damages, including but not limited to statutory damages, general damages and special damages in an amount within the jurisdiction of the Court, and treble damages pursuant to Civil Code Section a 54.3.

4. Award to Mr. Skaff a reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper.

Dated: 3/11/08  SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By /s/ Sidney J. Cohen
Sidney J. Cohen
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: 3/11/08  SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By /s/ Sidney J. Cohen
Sidney J. Cohen
Attorney for Plaintiff

Complaint for Damages and Injunctive Relief     -13-