PETER FLAXMAN (SBN 45152)
FLAXMAN & BLAKELY
591 Redwood Highway, #2275
Mill Valley, CA 94941
Telephone: (415) 381-6650
Facsimile: (415) 381-4301

Attorneys for Defendant
SHELTERPOINT EQUITIES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SKAFF,<br><br>    Plaintiff,<br><br>  v.<br><br>SHELTERPOINT EQUITIES, LTD.,<br>ROBATA GRILL AND SUSHI<br>LIMITED PARTNERSHIP; and<br>DOES 1-25, Inclusive,<br><br>    Defendants. | Case No. C08-01384 EMC<br><br>Civil Rights<br><br><br>**ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant SHELTERPOINT EQUITIES, LTD., a California Limited Partnership, for itself alone, now answers the Complaint herein of Plaintiff RICHARD SKAFF ("Plaintiff"), and alleges as follows:

**FIRST CAUSE OF ACTION**

1.  Defendant Shelterpoint Equities, Ltd. ("Defendant Shelterpoint") lacks sufficient information and belief to respond to any of the allegations in paragraph 1 of the Complaint, and on that basis, denies generally and specifically each and every allegation contained therein.

2.  In response to the allegations of paragraph 2 of the Complaint, Defendant Shelterpoint admits that Plaintiff asserts purported claims based on alleged denial of accessibility to the common areas of the business property located at 591 Redwood

1. Highway, Mill Valley, California ("Shelterpoint Business Center") and to Robata Grill and Sushi (the "Restaurant"), and denies each and every allegation by Plaintiff in his Complaint upon which he bases his assertion of entitlements, all as set forth in this Answer. Defendant Shelterpoint lacks sufficient information and belief to respond to the allegations of denial of equal protection of law and civil rights as alleged in said paragraph 2, and as respects the Restaurant, and on that basis, Defendant Shelterpoint denies each and every such allegation, and every other allegation of said paragraph.

3. In response to paragraph 3 of the Complaint, Defendant Shelterpoint admits that this Court has jurisdiction at this time to hear this matter.

4. Defendant Shelterpoint admits the allegations of paragraph 4 of the Complaint.

5. Defendant Shelterpoint admits the allegations of paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Defendant Shelterpoint admits that portions of the Shelterpoint Business Center and the Restaurant are a "public accommodation or facility"; Defendant Shelterpoint denies generally and specifically each and every remaining allegation of said paragraph 6.

7. In response to paragraph 7 of the Complaint, Defendant Shelterpoint lacks sufficient information or belief to respond to the allegations contained therein, and on that basis denies generally and specifically each and every allegation contained in said paragraph 7.

8. In response to paragraph 8 of the Complaint, Defendant Shelterpoint lacks sufficient information or belief to respond to the allegations contained therein, and on that basis denies generally and specifically each and every allegation contained in said paragraph 8.

9. In response to paragraph 9 of the Complaint, Defendant Shelterpoint admits that the acts complained of would have occurred, if they had occurred at all, in

the City of Mill Valley, County of Marin, State of California. Defendant Shelterpoint lacks sufficient information and belief to respond to the remaining allegations of paragraph 9, and on that basis, denies generally and specifically each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Defendant Shelterpoint asserts that the law and the legislative history and intent thereof speak for themselves, and otherwise denies each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Defendant Shelterpoint admits that the gangway ramp has no wheel guides, has handrails that cannot be gripped, and has a four inch plus or minus vertical edge at the floating deck level. Defendant Shelterpoint denies generally and specifically each and every remaining allegation of paragraph 11.

12. In response to paragraph 12 of the Complaint, Defendant Shelterpoint lacks sufficient information or belief to respond, and on that basis, denies generally and specifically each and every allegation in said paragraph 12.

13. In response to the allegations of paragraph 13, Defendant Shelterpoint admits that Shelterpoint Business Center is in substantially the same condition as fall 2006; except as expressly admitted, Defendant Shelterpoint denies generally and specifically each and every remaining allegation of paragraph 13.

14. In response to the allegations of paragraph 14 of the Complaint, Defendant Shelterpoint lacks sufficient information and belief to respond to any of the allegations therein, and on that basis denies generally and specifically each and every allegation contained therein.

15. In response to paragraph 15, Defendant Shelterpoint denies generally and specifically each and every allegation contained in paragraph 15 of the Complaint.

16. In response to paragraph 16, Defendant Shelterpoint denies generally and specifically each and every allegation contained in paragraph 16 of the Complaint.

17. In response to the allegations of paragraph 17 of the Complaint, Defendant

Shelterpoint lacks sufficient information or belief to respond, and on that basis denies generally and specifically each and every allegation contained therein.

18. In response to the allegations of paragraph 18 of the Complaint, Defendant Shelterpoint denies generally and specifically each and every allegation contained in said paragraph, and further denies that Plaintiff is entitled to any damages whatsoever, including actual, general, special, or treble damages.

19. In response to the allegations of paragraph 19 of the Complaint, Defendant Shelterpoint admits that Plaintiff seeks recovery of attorney's fees and costs; except as expressly admitted herein, Defendant Shelterpoint denies generally and specifically each and every remaining allegation in paragraph 19.

20. In response to the allegations of paragraph 20 of the Complaint, Defendant Shelterpoint admits that Plaintiff seeks injunctive relief and damages as set forth in said paragraph; except as expressly admitted herein, Defendant Shelterpoint denies generally and specifically each and every remaining allegation in said paragraph 20.

## SECOND CAUSE OF ACTION

21. Defendant Shelterpoint incorporates, and reasserts, as if fully set forth at length herein, its responses to the allegations of paragraphs 1 through 20 of the Complaint, and incorporates them herein as if separately set forth.

22. In response to paragraph 22 of the Complaint, Defendant Shelterpoint asserts that the law and the legislative history and intent thereof speak for themselves, and otherwise denies each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Defendant Shelterpoint asserts that the law and the legislative history and intent thereof speak for themselves, and otherwise denies each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Defendant Shelterpoint asserts that the law and the legislative history and intent thereof speak for themselves, and otherwise denies each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Defendant Shelterpoint

1 asserts that the law and the legislative history and intent thereof speak for themselves, and otherwise denies each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, Defendant Shelterpoint asserts that the law and the legislative history and intent thereof speak for themselves, and otherwise denies each and every allegation contained therein.

27. In response to the allegations of paragraph 27, Defendant Shelterpoint denies generally and specifically each and every allegation contained therein.

28. In response to the allegations of paragraph 28, Defendant Shelterpoint denies generally and specifically each and every allegation contained therein.

29. In response to the allegations of paragraph 29, Defendant Shelterpoint denies generally and specifically each and every allegation contained therein.

30. In response to the allegations of paragraph 30 of the Complaint, Defendant Shelterpoint admits that Plaintiff seeks the relief recited by him as sought in the allegations in said paragraph; except as expressly admitted herein, Defendant Shelterpoint denies generally and specifically each and every allegation set forth in said paragraph 30.

**AFFIRMATIVE DEFENSES**

AS A FIRST SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

AS A SECOND SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that the injuries, loss and damages of which Plaintiff complains, if there were any, were proximately caused by the acts or omissions of parties other than this answering defendant.

AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that any

recovery for the injuries and damages alleged in the Complaint is barred, in whole or in part, by reason of Plaintiff's own negligence or intentional conduct and, therefore, Plaintiff's recovery, if any, should be reduced in proportion to the perception of his comparative negligence, fault or bad faith.

AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant avers that if it is found liable, that its degree of responsibility and liability for the damages arising from the injuries and damages allegedly sustained by the Plaintiff be determined, and that it be held liable only for that portion of the total damages in proportion to its liability for same.

AS A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant, at all times pertinent herein, acted in good faith, without ulterior reasons, and with honest intent toward Plaintiff.

AS A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant, at all times relevant herein, complied with all applicable provisions of federal law, state law and local ordinances, including but not limited to the Americans With Disability Act of 1990, California Civil Code, California Government Code, California Health and Safe Code and California implementing regulations.

AS AN SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that Plaintiff has waived, or is estopped, from alleging the matters set forth in the Complaint.

AS A EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that Plaintiff failed to mitigate his damages.

AS A NINTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that Plaintiff's Complaint is barred by the doctrine of laches.

AS A TENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that Plaintiff's Complaint is barred by the doctrine of unclean hands.

AS A ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that Plaintiff should be denied recovery under the Complaint, and each cause of action thereof, because Plaintiff's conduct was manifestly unreasonable.

AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that Plaintiff's Complaint, and each cause of action thereof, is barred by the applicable statute of limitations.

AS A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that the modifications to the premises, or any of them, alleged in the Complaint would not be readily achievable, are not technically feasible, would pose an undue burden on this answering defendant, or are not required due to exemption(s).

AS A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that any act or omission alleged in the Complaint, or any inability of Plaintiff to access the premises, is not discriminatory, but is instead due to the structure of the building, appurtenant public thoroughfares, or forces of nature, which cannot be corrected without substantial construction, alteration or structural modification.

AS A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that Plaintiff has no standing to sue for any damages as alleged in his Complaint.

AS A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that to the extent that Plaintiff alleges that this answer defendant owed Plaintiff any duty to comply with the law, including, without limitation, disability access provisions of the ADA, California Civil Code, California Government Code, California Health and Safety Code, California implementing regulations or any other such statute, as alleged in the Complaint or otherwise, any such obligation to comply with the law is impossible and/or impractical.

AS AN SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that Plaintiff failed to provide notice of the alleged violations.

AS A EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that to the extent Defendant Shelterpoint engaged in any of the acts alleged in the Complaint, such acts or omissions were privileged or justified.

AS A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that Plaintiff's alleged damages, if any, are speculative, uncertain, and not capable of determination by a finder of fact.

AS A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that Plaintiff was not a catalyst for any changed behavior on the part of this answering defendant.

AS A TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant alleges that Plaintiff's action has not resulted, and will not result, in the enforcement of an important right affecting the public interest.

AS A TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE TO THE

1  COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant
2  alleges that Plaintiff failed to engage in a reasonable attempt to settle his dispute with
3  Defendant Shelterpoint prior to litigation.
4      AS A TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE TO THE
5  COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant
6  alleges that it did not act with malice, oppression, or fraud toward Plaintiff, and
7  therefore, Plaintiff is not entitled to an award of punitive damages or exemplary
8  damages against Defendant Shelterpoint.
9      AS A TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE
10  COMPLAINT AND EACH CAUSE OF ACTION THEREIN, this answering defendant
11  alleges that the imposition of punitive damages would constitute a denial to Defendant
12  Shelterpoint of due process of law and of equal protection of the laws in violation of the
13  Fifth and Fourteenth Amendments to the United States Constitution, and of Article I,
14  Section 7 of the California Constitution.
15                          [continued on next page – nothing omitted]

**WHEREFORE**, Defendant Shelterpoint Equities, Ltd. prays for relief as hereinafter stated:

1. That Plaintiff be denied any relief by virtue of his Complaint and each cause of action therein;

2. That this Court dismiss the proceedings on the basis that it lacks jurisdiction over the state claims;

3. That this Court award Defendant reasonable attorney's fees, litigation expenses, and costs of this proceeding; and,

4. That this Court grant such other and further relief as the Court shall deem just and proper.

Dated: May 8, 2008

FLAXMAN & BLAKELY

By: *[signature]*
PETER FLAXMAN
Attorney for Defendant
Shelterpoint Equities, Ltd.

**DEMAND FOR JURY TRIAL**

Defendant Shelterpoint hereby demands a jury trial.

Dated: May 8, 2008                        FLAXMAN & BLAKELY

By: _____
PETER FLAXMAN
Attorney for Defendant
Shelterpoint Equities, Ltd.

# PROOF OF SERVICE BY MAIL
[C.C.P. § 1013a(1)]

I, Penelope A. Dufficy, certify and declare as follows:

I am over the age of eighteen years, and not a party to this action. My business address is 591 Redwood Highway, Suite 2275, Mill Valley, California, which is in the county where the mailing described below took place.

On May 8, 2008, I deposited in the mail at my place of business at 591 Redwood Highway, Suite 2275, Mill Valley, California, a copy of the following document(s): **Answer to Complaint; Demand for Jury Trial**; and **Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge** in a sealed envelope, with postage thereon fully prepaid, addressed to:

Sidney J. Cohen, Esq.
Sidney J. Cohen Professional Corporation
427 Grand Avenue
Oakland, CA 94610

Carl Lippenberger, Esq.
Lippenberger, Thompson, Welch
   Soroko & Gilbert LLP
201 Tamal Vista Blvd.
Corte Madera, CA 94925

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 8, 2008, at Mill Valley, California.

*Penelope A. Dufficy*
Penelope A. Dufficy

SHELTER11\ANSWER 05 06 08