CARL LIPPENBERGER (SBN 66606)
LIPPENBERGER, THOMPSON, WELCH, SOROKO & GILBERT LLP
201 Tamal Vista Blvd
Corte Madera, CA 94925
Telephone: (415) 927-5200
Facsimile: (415) 927-5210

Attorneys for Defendant Robata Grill and Sushi,
Limited Partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SKAFF<br><br>Plaintiff,<br><br>v.<br><br>SHELTER POINT EQUITIES, LTD;<br>ROBATA GRILL AND SUSHI LIMITED<br>PARTNERSHIP; and DOES 1 -20,<br>inclusive,<br><br>Defendants. | No. C08-01384 - EMC<br><br>**ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Robata Grill and Sushi, Limited Partnership ("defendant") responds to plaintiffs' Complaint as follows:

**FIRST CAUSE OF ACTION**

1. Defendant does not have sufficient information or belief to answer the allegations of paragraph 1, and on that ground, denies those allegations.

2. Answering paragraph 2, defendant admits that defendant owns and operates a

---

ANSWER TO COMPLAINT            1            Case No. C08-01384

restaurant business at 591 Redwood Highway, Mill Valley, California 94941. Defendant alleges that the complaint speaks for itself. Defendant denies the remaining allegations of this paragraph.

3. Answering paragraph 3, defendant admits that the court presently has jurisdiction of this action. Defendant alleges that California and Federal laws and regulations speak for themselves. Defendant denies the remaining allegations of this paragraph.

4. Answering paragraph 4, defendant admits that venue is presently proper in this court. Defendant alleges that the law speaks for itself. Defendant denies the remaining allegations of this paragraph.

5. Defendant admits the allegations of paragraph 5.

6. Answering paragraph 6, defendant admits that it is the owner and operator of a restaurant business located at 591 Redwood Highway, Mill Valley, that it leases the premises occupied by that business, and that tenant improvements were constructed in 1983. Defendant alleges that California law speaks for itself. Defendant denies the remaining allegations of this paragraph.

7. Defendant does not have sufficient information or belief to answer the allegations of paragraphs 7, 8 and 9, and on that ground, denies those allegations.

8. Answering paragraph 10, defendant admits that tenant improvements were constructed on the premises occupied by the restaurant in 1983. Defendant alleges that California and Federal laws and regulations speak for themselves. Defendant denies the remaining allegations of this paragraph.

9. Defendant does not have sufficient information or belief to answer the allegations of

paragraphs 11, 12, and 13 and on that ground, denies those allegations.

10. Answering paragraph 14, defendant admits that the ramp inside the restaurant has a handrail on one side and that there is a pedestal sink and light switch in the men's room. Defendant does not have sufficient information or belief to answer the remaining allegations of paragraph 14, and on that ground, denies those allegations.

11. Defendant denies the allegations of paragraphs 15 and 16.

12. Answering paragraph 17, defendant alleges that the complaint speaks for itself. Defendant denies remaining allegations of this paragraph.

13. Answering paragraph 18, defendant admits that it is the owner and operator of a restaurant business located at 591 Redwood Highway, Mill Valley, that it leases the premises occupied by that business, and that tenant improvements were constructed in 1983. Defendant alleges that the complaint speaks for itself. Defendant denies the remaining allegations of this paragraph.

14. Answering paragraphs 19 and 20, defendant alleges that the law speaks for itself. Defendant denies the remaining allegations of these paragraphs.

## SECOND CAUSE OF ACTION

15. Answering paragraph 21, defendant realleges and incorporates its answers to paragraphs 1 through 20.

16. Answering paragraphs 22, 23, 24, 25, 26, 27, 28, and 29, defendant alleges that the law speaks for itself. Defendant denies the remaining allegations of these paragraphs.

17. Answering paragraph 30, defendant alleges that the complaint speaks for itself. Defendant denies the remaining allegations of this paragraph.

## AFFIRMATIVE DEFENSES

18. <u>First Affirmative Defense</u>. The correction of the alleged disability access violations, to the extent any exist, would require substantial modifications not readily achievable.

19. <u>Second Affirmative Defense</u>. The correction of the alleged disability access violations, to the extent any exist, would impose practical difficulty, unnecessary hardship, and/or extreme differences such that defendant does not have to make them.

20. <u>Third Affirmative Defense</u>. Defendant's premises and each of the services offered by defendant, when viewed in their entirety, are readily accessible to, and usable by, individuals with disabilities.

21. <u>Fourth Affirmative Defense</u>. To the extent plaintiff has been damaged, such damage was the result of the conduct of the plaintiff or others for which the defendant was not and is not legally responsible.

22. <u>Fifth Affirmative Defense</u>. Plaintiff failed to take reasonable steps to avoid and/or mitigate his alleged damages.

23. <u>Sixth Affirmative Defense</u>. Plaintiff waived his right to make the claims alleged in his Complaint.

24. <u>Seventh Affirmative Defense</u>. Plaintiff is estopped to make the claims alleged in his Complaint.

25. <u>Eighth Affirmative Defense</u>. Plaintiff's Complaint is barred by the plaintiff's unclean hands.

26. <u>Ninth Affirmative Defense</u>. Plaintiff's Complaint is barred by laches.

**WHEREFORE,** defendant prays:

1. That the Complaint be dismissed in its entirety;
2. That plaintiff take nothing by this Complaint;
3. That judgment be entered in favor of defendant;
4. That defendant be awarded costs and attorneys' fees; and
5. That the Court provide such further relief to defendant as it deems proper.

Dated: May 9, 2008

LIPPENBERGER, THOMPSON, WELCH
SOROKO & GILBERT LLP

By _/s/ Carl Lippenberger_
Carl Lippenberger
Attorneys for Defendant Robata Grill and Sushi,
Limited Partnership

### DEMAND FOR JURY TRIAL

Defendant Robata Grill and Sushi, Limited partnership hereby demands a jury trial.

Dated: May 9, 2008

LIPPENBERGER, THOMPSON, WELCH
SOROKO & GILBERT LLP

By _/s/ Carl Lippenberger_
Carl Lippenberger
Attorneys for Defendant Robata Grill and Sushi,
Limited Partnership

---

ANSWER TO COMPLAINT          5          Case No. C08-01384

**PROOF OF SERVICE BY MAIL**

I, Nessa West, declare:

I am employed in the County of Marin; my business address is 201 Tamal Vista Boulevard, Corte Madera, California 94925. I am over the age of 18 years and not a party to the foregoing action. On the date set forth below, I served the attached documents:

**ANSWER TO COMPLAINT**

    X    **(by United States Mail)** on all parties in said action, in accordance with Code of Civil Procedure Section 1013, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Lippenberger, Thompson, Welch, Soroko & Gilbert LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Corte Madera, County of Marin, California.

    _____    **(by facsimile delivery)** by personally delivering a true copy thereof to the person and at the fax number set forth below.

    _____    **(by Overnight Delivery)** by depositing a true copy thereof in a sealed packet for overnight mail delivery, with charges thereon fully prepaid, in an Overnight Delivery Express collection box, at Corte Madera, California, and addressed as set forth below.

| | |
|---|---|
| Sidney J. Cohen | Peter Flaxman, Esq. |
| Sidney J. Cohen Professional Corp | Attorney at Law |
| 427 Grand Avenue | 591 Redwood Highway, #2275 |
| Oakland, CA 94610 | Mill Valley, CA 94941 |

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct. Executed May 9, 2008, at Corte Madera, California.

_____
Nessa West